IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SUMMER D. CHAMBERS                                                     PLAINTIFF

v.                        CIVIL NO. 10-2192

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

**ORDER ON MOTION FOR ATTORNEY'S FEES**

**I.   Procedural Background**

Plaintiff, Summer D. Chambers, appealed the Commissioner's denial of benefits to this court. Pl.'s Compl., ECF No. 1. On November 18, 2011, a judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 14. Plaintiff now moves for a total of $5,083.50 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 28.90 attorney hours at an hourly rate of $165.00 and 6.30 paralegal hours at an hourly rate of $50.00. Pl.'s Mot. Att'y Fees and Br. in Supp., ECF Nos. 15-16. The Commissioner filed a response objecting to: (1) an alleged computational error; and (2) paralegal and attorney hours alleged to be clerical in nature. Def.'s Resp., ECF No. 17. On April 18, 2012, a hearing was held to address these objections.

**II.   Discussion**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for

AO72A
(Rev. 8/82)

the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time

AO72A
(Rev. 8/82)

records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court

AO72A
(Rev. 8/82)

finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index ("CPI").

In this instance, counsel requests attorney's fees at an hourly rate of $165.00. Pl.'s Br. in Supp., Ex. 2. Counsel presented a link to the CPI as evidence that this rate is a proper reflection of the cost of living. Pl.'s Br. in Supp., at 2. The Commissioner does not object to this rate, and the court finds it to be reasonable. Def.'s Resp. 1-3. Accordingly, the undersigned finds that counsel is entitled to an hourly rate of $165.00.

Counsel also requests compensation for 6.30 paralegal hours at an hourly rate of $50.00. Pl.'s Br. in Supp., Ex. 2. A prevailing party that satisfies EAJA's other requirements may recover paralegal fees at prevailing market rates. *Richlin Sec. Service Co. v. Chertoff,* 128 S.Ct. 2007, 2019 (U.S. 2008). Plaintiff's counsel cited to *Stockton v. Shalala*, 36 F.3d 49 (8th Cir. 1994), as evidence that this hourly rate is appropriate for paralegal work. Pl.'s Br. in Supp. 3. The Commissioner does not object to this rate, and the court finds $50.00 per hour for paralegal work to be reasonable.

    A. <u>Computational Error</u>

Counsel requests a total of 28.90 attorney hours for work performed in 2010, 2011, and 2012. Pl.'s Br. in Supp., Ex. 1. The Commissioner argues that an inadvertent calculation error

AO72A
(Rev. 8/82)

resulted in a request of 28.90 attorney hours rather than 22.60 attorney hours, which is reflective of the actual time spent by Plaintiff's attorney. Def.'s Resp. 3. At the fee hearing, Plaintiff's attorney agreed with the Commissioner and withdrew his request for the additional 6.30 hours. As such, the court will deduct 6.30 attorney hours from the total number of compensable hours. Accordingly, the court finds that counsel is entitled to 22.60 attorney hours at an hourly rate of $165.00.

### B. Clerical Work

The Commissioner objects to "time spent for tasks related to the service and receipt of summons," arguing that these tasks were purely clerical in nature. Def.'s Resp. 3. Although the Commissioner's objections were not specific, the tasks related to service and receipt of summonses are as follows: .40 paralegal hours on December 29, 2010, for preparing letters of service, a total of .30 attorney hours between January 5, 2011, and January 24, 2011, for receiving and reviewing green cards from the U.S. Attorney, the Social Security Commissioner, and the Attorney General, and a total of 1.20 paralegal hours between January 11, 2011, and January 19, 2011, for preparing the affidavits of service.

In *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987), the Eighth Circuit determined that work which could have been performed by support staff is not compensable under the EAJA. It is the court's interpretation that the nature of the task, rather than the individual performing it, dictates whether it is characterized as purely clerical in nature. At the fee hearing, Plaintiff's attorney testified that, in his experience, tasks related to service and receipt of summonses require the expertise and training of a paralegal and cannot be delegated to his secretarial staff. The undersigned has considered counsel's argument and grants .30

-5-

attorney hours related to receipt and review of the green cards and 1.20 paralegal hours for preparing the affidavits of service, as these tasks are not purely clerical in nature. However, the undersigned concludes that preparing letters to accompany the complaint and summonses could have been performed by support staff and, as such, is not compensable. As such, the court will deduct .40 paralegal hours from the total number of compensable hours. Accordingly, the court finds that counsel is entitled to 5.90 paralegal hours at an hourly rate of $50.00.

Based on the above, the court awards Plaintiff fees under the EAJA for 22.60 attorney hours at the rate of $165.00 per hour and 5.90 paralegal hours at the rate of $50.00, for a total attorney's fee award of $4,024.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be made payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.[1] The parties are reminded that the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 19th day of April 2012.

/S/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] On June 14, 2010, the Supreme Court overturned *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008), and held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010). Therefore, any EAJA fee awarded by this court should be payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.